FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 JUN -5  PM 4: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

ALCIRA MERCEDES WELLS and
EDWARD LEONARD WELLS, JR.

CASE NO. 8:18 cr 272 T 25 TGW

18 U.S.C. § 371
18 U.S.C. § 1347
18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

SEALED

## COUNT ONE
### (Conspiracy)

### A.  Introduction

At times material to this Indictment:

1.      Alcira Mercedes Wells was a resident of Connecticut and
married to Edward Leonard Wells, Jr.   Alcira Mercedes Wells was, among
other things, a Centurion Compounding, Inc. ("Centurion") marketing
representative.   As such, Alcira Mercedes Wells earned and was promised
commissions for each paid claim resulting from a compounded cream
marketed by Centurion and prescribed to a health care plan beneficiary
recruited by Alcira Mercedes Wells or other marketing representatives
working for her.



2.     Edward Leonard Wells, Jr. was a resident of North Carolina and married to Alcira Mercedes Wells.   Edward Leonard Wells, Jr. was a Staff Sergeant in the United States Army stationed at Ft. Bragg in North Carolina. Through Edward Leonard Wells, Jr.'s employment with the United States Army, he, Alcira Mercedes Wells, and their children were TRICARE beneficiaries.

3.     Centurion Compounding, Inc. ("Centurion") was a marketing firm located in the Middle District of Florida.   Centurion employed marketing representatives to market compounded medications, specifically creams for pain and scars, among others, to beneficiaries of health care benefit programs.   Centurion marketing representatives focused their promotional efforts on TRICARE beneficiaries based upon an understanding and belief that TRICARE would pay claims for these compounded creams.   Centurion marketing representatives directed the beneficiaries its marketers recruited to send all of their prescriptions for these compounded creams to Centurion, which transmitted the prescriptions to Lifecare Pharmacy and later Oldsmar Pharmacy to be filled.   Centurion paid its marketing representatives a percentage of each paid claim, which ranged from 15-30% of the total claim amount after expenses.

4.     Lifecare Pharmacy and Oldsmar Pharmacy were compounding pharmacies located in the Middle District of Florida that produced compounded creams for scars, pain, and other ailments.   Each was, at different times relevant to this Indictment, the sole pharmacy that filled prescriptions for compounded creams marketed by Centurion.   Lifecare and Oldsmar billed the beneficiaries' health care benefit plans, including TRICARE, for these creams, which ranged in price from approximately $900 to $21,000 for a one-month supply.   Lifecare and Oldsmar, at various times, paid Centurion a portion, approximately 50%, of each claim paid by the health care benefit programs, minus expenses, for each prescription sent to Lifecare or Oldsmar by Centurion to be filled.

5.     Dr. O.A. was a family practice physician working at the Naval Hospital Jacksonville in the Middle District of Florida.

6.     TRICARE was a federal health insurance program that provided coverage for U.S. military members, retirees, and their family members. TRICARE was a federal health care benefit program, as defined by 18 U.S.C. § 24(b).   Individuals who received benefits from TRICARE were commonly referred to as TRICARE beneficiaries.

3

### B.    The Conspiracy

7.    Beginning on an unknown date, but at least in or around September 2014, through and including the date of this Indictment, in the Middle District to Florida and elsewhere, the defendants,

ALCIRA MERCEDES WELLS
and
EDWARD LEONARD WELLS, JR.,

did knowingly and willfully combine, conspire, confederate and agree with one another and others, both known and unknown to the Grand Jury, to commit the following offenses against the United States:

    a.    health care fraud, in violation of 18 U.S.C. § 1347; and

    b.    aggravated identity theft, in violation of 18 U.S.C. § 1028A.

### C.    Manner and Means of the Conspiracy

8.    The manner and means by which the defendants and others sought to accomplish the conspiracy included, among other things, the following:

    a.    It was part of the conspiracy that conspirators at Centurion would and did enter into relationships with Lifecare Pharmacy and later Oldsmar Pharmacy, in order to market and bill health care benefit programs for compounded creams, many of which had high rates of reimbursement.

4

b.     It was further part of the conspiracy that Alcira Mercedes Wells would and did obtain prescriptions for compounded creams marketed by Centurion, become a Centurion marketing representative, recruit beneficiaries to obtain prescriptions for compounded creams, and recruit others to become Centurion marketing representatives.

c.     It was further part of the conspiracy that the conspirators would and did obtain a small number of prescriptions for Centurion-marketed compounded creams prescribed to Edward Leonard Wells, Jr. and others, signed and authorized by Dr. O.A.

d.     It was further part of the conspiracy that the conspirators would and did recruit others, primarily TRICARE beneficiaries in Connecticut and North Carolina, to obtain Centurion-marketed compounded creams.

e.     It was further part of the conspiracy that the conspirators would and did forge, copy, and otherwise replicate Dr. O.A.'s signature on preprinted Centurion prescription forms that purported to prescribe compounded creams marketed by Centurion and the conspirators to TRICARE beneficiaries and others in Connecticut and North Carolina, among other locations.   In truth and in fact, Dr. O.A. never saw these patients nor prescribed any medications for them, and Dr. O.A. did not give

the conspirators permission to possess or otherwise use his identifying information in this manner.

      f.     It was further part of the conspiracy that Edward Leonard Wells, Jr. recruited TRICARE beneficiaries from in and around the U.S. Army base at Ft. Bragg, North Carolina to obtain prescriptions for Centurion-marketed compounded creams by paying, offering to pay, and attempting to pay them in exchange for agreeing to be prescribed the compounded creams.

      g.     It was further part of the conspiracy that the conspirators submitted and caused to be submitted to TRICARE and other health benefit plans claims for creams purportedly prescribed to beneficiaries who had never seen a physician or any medical professional, including Dr. O.A., in connection with the creams.

      h.     It was further part of the conspiracy that the conspirators would and did receive commissions from Centurion resulting from the submission of false claims to TRICARE and other health benefit programs for prescriptions for Centurion-marketed compounded creams purportedly authorized by Dr. O.A.

      i.     It was further part of the conspiracy that the conspirators would and did share in the proceeds of the conspiracy.

6

j.     It was further part of the conspiracy that the conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

### D.     Overt Acts

9.     In furtherance of, and to affect the objectives of, the conspiracy, the following claims, each of which constitutes a separate overt act, were submitted and caused to be submitted to TRICARE from a pharmacy in the Middle District of Florida, and elsewhere, for creams prescribed to TRICARE beneficiaries recruited by the conspirators and purportedly authorized by Dr. O.A., without Dr. O.A.'s knowledge or consent:

| OVERT ACT | CLAIM DATE | TRICARE BENEFICIARY | CLAIM AMOUNT | PAID DATE | PAID AMOUNT |
|---|---|---|---|---|---|
| a.1 | 1/20/2015 | R.P. | $36,467.13 | 2/18/2015 | $31,111.29 |
| a.2 | 1/21/2015 | N.A. | $25,572.03 | 2/18/2015 | $21,839.56 |
| a.3 | 1/21/2015 | A.C. | $33,692.93 | 2/18/2015 | $28,750.44 |
| a.4 | 1/21/2015 | T.M. | $36,762.45 | 2/18/2015 | $31,362.61 |
| a.5 | 1/21/2015 | J.S. | $33,766.58 | 2/18/2015 | $28,813.13 |
| a.6 | 1/21/2015 | T.S. | $36,675.83 | 2/18/2015 | $31,288.81 |
| a.7 | 1/21/2015 | J.M.3 | 36,467.13 | 2/18/2015 | $31,111.29 |

| OVERT ACT | CLAIM DATE | TRICARE BENEFICIARY | CLAIM AMOUNT | PAID DATE | PAID AMOUNT |
|---|---|---|---|---|---|
| a.8 | 1/22/2015 | J.M.1 | $33,692.93 | 2/18/2015 | $28,750.44 |
| a.9 | 1/22/2015 | H.C. | $34,210.01 | 2/18/2015 | $29,106.92 |
| a.10 | 1/30/2015 | V.S. | $35,866.97 | 2/18/2015 | $30,419.80 |
| a.11 | 1/31/2015 | V.S. | $10,124.57 | 2/18/2015 | $8,592.37 |
| a.12 | 2/4/2015 | J.M.2 | $44,223.89 | 3/4/2015 | $37,562.65 |

All in violation of 18 U.S.C. § 371.

## COUNTS TWO THROUGH THIRTEEN
### (Health Care Fraud)

### A.   Introduction

1.      The Grand Jury hereby re-alleges Paragraphs 1 through 6 of Count One of this Indictment and incorporates by reference those paragraphs as though fully set forth herein.

### B.   The Scheme and Artifice

2.      Beginning on an unknown date, but at least as early as in or around September 2014, and continuing through and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendants,

ALCIRA MERCEDES WELLS
and
EDWARD LEONARD WELLS, JR.,

8

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and the under the custody and control of, TRICARE.

### C.    Manner and Means of the Scheme and Artifice

3.    The substance of the manner and means of the scheme and artifice is described in paragraphs 8 (a) through (j) of Count One of this Indictment, which are re-alleged and incorporated by reference as though fully set forth herein.

### D.    Execution of the Scheme and Artifice

4.    On or about the dates set forth below, in the Middle District of Florida and elsewhere, for the purpose of executing, attempting to execute, and aiding and abetting the execution of the aforesaid scheme and artifice to defraud TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of TRICARE, the defendants herein did cause to be submitted the following false and fraudulent claims for reimbursement to TRICARE for prescriptions for Centurion-marketed compounded creams

9

purportedly authorized by Dr. O.A., when in truth and in fact, Dr. O.A.

neither saw these patients or nor authorized the prescriptions:

| COUNT | CLAIM DATE | TRICARE BENEFICIARY | CLAIM AMOUNT | PAID DATE | PAID AMOUNT |
|---|---|---|---|---|---|
| TWO | 1/20/2015 | R.P. | $36,467.13 | 2/18/2015 | $31,111.29 |
| THREE | 1/21/2015 | N.A. | $25,572.03 | 2/18/2015 | $21,839.56 |
| FOUR | 1/21/2015 | A.C. | $33,692.93 | 2/18/2015 | $28,750.44 |
| FIVE | 1/21/2015 | T.M. | $36,762.45 | 2/18/2015 | $31,362.61 |
| SIX | 1/21/2015 | J.S. | $33,766.58 | 2/18/2015 | $28,813.13 |
| SEVEN | 1/21/2015 | T.S. | $36,675.83 | 2/18/2015 | $31,288.81 |
| EIGHT | 1/21/2015 | J.M.3 | $36,467.13 | 2/18/2015 | $31,111.29 |
| NINE | 1/22/2015 | J.M.1 | $33,692.93 | 2/18/2015 | $28,750.44 |
| TEN | 1/22/2015 | H.C. | $34,210.01 | 2/18/2015 | $29,106.92 |
| ELEVEN | 1/30/2015 | V.S. | $35,866.97 | 2/18/2015 | $30,419.80 |
| TWELVE | 1/31/2015 | V.S. | $10,124.57 | 2/18/2015 | $8,592.37 |
| THIRTEEN | 2/4/2015 | J.M.2 | $44,223.89 | 3/4/2015 | $37,562.65 |

In violation of 18 U.S.C. §§ 1347 and 2.

## COUNTS FOURTEEN THROUGH TWENTY-FIVE
### (Aggravated Identity Theft)

1.    The Grand Jury hereby re-alleges Paragraphs 1 through 6 of

Count One of this Indictment and incorporates by reference those paragraphs

10

as though fully set forth herein.

2.       On or about the dates listed below, in the Middle District of

Florida and elsewhere, the defendants,

ALCIRA MERCEDES WELLS<br>
and<br>
EDWARD LEONARD WELLS, JR.,

did knowingly transfer, possess, and use, without lawful authority, and aided

and abetted each other and others in the transfer, possession, and use without

lawful authority, a means of identification of another person, specifically, the

name, National Provider Identifier, and other identifying information of Dr.

O.A. used to prescribe Centurion-marketed compounded creams to the

TRICARE beneficiaries described below, during and in relation to the felony

offense of healthcare fraud, in violation of 18 U.S.C. § 1347, knowing that

such means of identification belonged to an actual person:

| COUNT | CLAIM DATE | TRICARE BENEFICIARY | CLAIM AMOUNT | PAID DATE | PAID AMOUNT |
|---|---|---|---|---|---|
| FOURTEEN | 1/20/2015 | R.P. | $36,467.13 | 2/18/2015 | $31,111.29 |
| FIFTEEN | 1/21/2015 | N.A. | $25,572.03 | 2/18/2015 | $21,839.56 |
| SIXTEEN | 1/21/2015 | A.C. | $33,692.93 | 2/18/2015 | $28,750.44 |
| SEVENTEEN | 1/21/2015 | T.M. | $36,762.45 | 2/18/2015 | $31,362.61 |
| EIGHTEEN | 1/21/2015 | J.S. | $33,766.58 | 2/18/2015 | $28,813.13 |

| COUNT | CLAIM DATE | TRICARE BENEFICIARY | CLAIM AMOUNT | PAID DATE | PAID AMOUNT |
|---|---|---|---|---|---|
| NINETEEN | 1/21/2015 | T.S. | $36,675.83 | 2/18/2015 | $31,288.81 |
| TWENTY | 1/21/2015 | J.M.3 | 36,467.13 | 2/18/2015 | $31,111.29 |
| TWENTY-ONE | 1/22/2015 | J.M.1 | $33,692.93 | 2/18/2015 | $28,750.44 |
| TWENTY-TWO | 1/22/2015 | H.C. | $34,210.01 | 2/18/2015 | $29,106.92 |
| TWENTY-THREE | 1/30/2015 | V.S. | $35,866.97 | 2/18/2015 | $30,419.80 |
| TWENTY-FOUR | 1/31/2015 | V.S. | $10,124.57 | 2/18/2015 | $8,592.37 |
| TWENTY-FIVE | 2/4/2015 | J.M.2 | $44,223.89 | 3/4/2015 | $37,562.65 |

In violation of 18 U.S.C. §§ 1028A and 2.

## FORFEITURE

1.       The allegations contained in Counts One through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982.

2.       Upon their conviction of a federal health care offense, or conspiracy to commit such an offense, as alleged in Counts One through Thirteen of this Indictment, the defendants,

ALCIRA MERCEDES WELLS<br>
and<br>
EDWARD LEONARD WELLS, JR.,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7),

12

any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds the defendant obtained as a result of the offenses.

4. If any of the property described above, as a result of any act or omission of either defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Amanda L. Riedel
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### ALCIRA MERCEDES WELLS and
### EDWARD LEONARD WELLS, JR.

## INDICTMENT

Violations:   18 U.S.C. § 371, 18 U.S.C. § 1347, and 18 U.S.C. § 1028A

A true bill,

_____
Foreperson

Filed in open court this 5th day

of June 2018.

_____
Clerk

Bail $_____

GPO 863 525